[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 12, 2006
THOMAS K. KAHN
CLERK

No. 05-16745
Non-Argument Calendar

_____

D. C. Docket No. 05-00184-CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHARON D. HENDRICKS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(July 12, 2006)**

Before TJOFLAT, BARKETT  and MARCUS, Circuit Judges.

PER CURIAM:

Sharon D. Hendricks appeals her 30-month sentence, which is above the

advisory Guidelines imprisonment range of 10 to 16 months, imposed following her conviction on 99 counts of possessing and uttering forged securities of an organization, in violation of 18 U.S.C. § 513(a). According to the record, Hendricks worked as a paralegal in a law firm with responsibilities related to real estate closings, including writing checks from an escrow account which, in the normal course of business, were then forwarded to the managing partner of the law firm for his signature and disbursement. Between September 14, 2001, and January 2, 2004, however, Hendricks prepared and forged the managing partner's signature on over 99 checks, which were made payable to various payees, for a total amount of $79,417.83. The district court sentenced Hendricks to 30 months' imprisonment, which sentence is above the advisory Guidelines range. On appeal, Hendricks argues that this sentence is unreasonable.[1]

After United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), a district court, in determining a reasonable sentence, must correctly calculate the sentencing range under the Guidelines and then consider the factors set forth in 18 U.S.C. § 3553(a). See United States v. Talley, 431 F.3d 784, 786

---

[1] To the extent that Hendricks also argues that her sentence was based on an invalid upward departure, we hold that this argument is without merit. It is clear from the record that the district court did not depart upward from the Guidelines, but rather, treated the Guidelines as advisory and, after considering the 18 U.S.C. § 3553(a) factors, imposed a sentence that was more severe than the high-end of the Guidelines range.

2

(11th Cir. 2005).  The factors in § 3553(a) include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

Id. (citing 18 U.S.C. § 3553(a)).  "[N]othing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors."  United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005).  Instead, indications in the record that the district court considered facts and circumstances falling within § 3553(a)'s factors will suffice.  Id. at 1329-30; Talley, 431 F.3d at 786.

We review a defendant's ultimate sentence for reasonableness in light of the § 3553(a) factors.  See United States v. Winingear, 422 F.3d 1241, 1246 (11th Cir. 2005).  This "[r]eview for reasonableness is deferential," and the district court "may impose a sentence that is either more severe or lenient than the sentence we would have imposed," so long as that sentence is reasonable.  Talley, 431 F.3d at 788.  "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in

section 3553(a)." Id.

Upon review of the record and the parties' briefs, we conclude that Hendricks has failed to meet her burden of showing that her sentence was unreasonable in light of the record and the § 3553(a) factors. See Talley, 431 F.3d at 788. In this case, the district court correctly calculated the advisory Guidelines range and indicated that it had considered facts and circumstances falling within § 3553(a)'s factors, such as (1) the nature and circumstances of the offense, including the number of forged checks, the total amount stolen, and the long period of time that Hendricks's conduct went undetected; (2) the history and characteristics of Hendricks, including both the fiduciary relationship she occupied within the law firm and her family needs; (3) the seriousness of the offense, which the judge described as one which "strikes at the very heart of the whole practice of law"; and (4) the fact that it is unlikely that Hendricks will be able to provide restitution to the victims in this case. See id. at 786. Moreover, Hendricks's 30-month sentence is only one-fourth of the statutory maximum sentence of 10 years' imprisonment, and this is an additional indication of reasonableness. See Winingear, 422 F.3d at 1246 (comparing the sentence imposed to the statutory maximum in determining its reasonableness); 18 U.S.C. § 513(a). Finally, in her brief, Hendricks does not discuss the applicability of the § 3553(a) factors, let

alone demonstrate which factors weigh in favor of a lower sentence.

Because the district court correctly calculated the Guidelines range and considered the § 3553(a) factors, and because Hendricks failed to establish that her sentence is unreasonable, we affirm.

**AFFIRMED.**